UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-38-02<br>CIVIL ACTION NO. 10-1368 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BOBBY TROUSANT | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 183) filed by Petitioner Bobby Trousant ("Trousant"). Trousant seeks an order from the Court vacating or reducing his sentence on the grounds that he received ineffective assistance of counsel as a result of failure by counsel to explain a safety-valve eligibility, failure to notify of his right to appeal and failure to contest excessive restitution . He also seeks an evidentiary hearing with respect to restitution. For the reasons set forth below, Trousant's motion is **DENIED**.

**BACKGROUND**

On July 14, 2011, pursuant to a written plea agreement, Trousant pled guilty to Count One of the Indictment charging him with conspiracy to commit interstate transportation of stolen vehicles and tampering with VIN's, in violation of Title 18, United States Code, Section 371. See Record Document 96. On November 16, 2011, Trousant was sentenced to 12 months and one day, along with 3 years of Supervised Release and ordered to pay restitution in the amount of $42,313.35, plus $8,408.00 to be paid joint and severally with co-defendant, Vidal Wilson. See Documents 128 and 133. The judgment was entered on November 22, 2011. See Document 133.

Trousant now brings this timely Section 2255 motion. See Record Document 183. He seeks relief on the following claims of ineffective assistance of counsel:

(1) Failure to explain safety-valve eligibility;

(2) Failure to notify of his right to appeal; and

(3) Failure to contest the excessiveness of restitution.

Trousant also requests that he be allowed to appeal his conviction and sentence and that restitution be waived. Additionally, he requests an evidentiary hearing on the matter of restitution.

Trousant is not eligible for the safety-valve provision provided under U.S.S.G § 5C1.2, therefore, his claim for ineffective assistance of counsel on that count is moot.

Trousant alleged that his attorney failed to notify him of his right to appeal. See Record Document 183. However, the Court advised Trousant of his right to appeal and informed Mr. Washington, Trousant's counsel of record, that it was his responsibility to counsel his client with respect to an appeal and to timely file the notice of appeal if a decision was made to do so. (Sent. Tr., pp. 7 - 8.) See Record Document 187. There has been no evidence provided by Trousant or his attorney, Mr. Washington, to support or deny that Trousant was counseled by Mr. Washington in connection with the filing of an appeal to the 5th Circuit.[1]

---

[1] Counsel for the government was attempting to determine whether Mr. Washington remembered counseling Trousant and would then respond to this allegation, but there has been no filing of record indicating this had been done.

Trousant asserted that his counsel did not contest the excessiveness of restitution. The Court made mention of the existence of restitution during the change of plea hearing by reference to the Plea Agreement and Trousant's signature on Page 7 of that Agreement. (Guilty Plea Tr., p. 14) See Record Document 186.

**LAW AND ANALYSIS**

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Furthermore, issues raised and disposed of on direct appeal are not subject to further review under Section 2255. See U.S. v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-165, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

A defendant who has raised either a constitutional or jurisdictional error for the first time on collateral review must show both "cause" for his procedural default and "actual prejudice" resulting from the asserted error. See Bousley v. U.S., 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); U.S. v. Walker, 68 F.3d 931, 934 (5th Cir. 1995); U.S. v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994). Any defendant who does not meet the burden of showing both "cause" and "prejudice" or "actual innocence"[2] is procedurally barred from attacking his conviction.

Defendant may establish "cause" for his procedural default by showing "that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." U.S. v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996). Objective factors include interference by officials that make compliance with the procedural rule impracticable, or a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. See id. (internal quotations and citations omitted).

---

[2]"The only exception to the cause and prejudice test is the extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." U.S. v. Young, 77 F. App'x 708, 709 (5th Cir. 2003).

In addition to showing cause, the defendant must establish actual prejudice to overcome the procedural bar. See id. at 994. A defendant shows actual prejudice when he demonstrates that, but for the claimed error, he might not have been convicted. See id. In the case of a guilty plea, as in the instant case, a defendant must show that absent the error he would not have pleaded guilty and would have insisted on going to trial. See id.

## I.  Ineffective Assistance of Counsel.

As stated previously, Trousant has raised ineffective assistance of counsel claims. Such claims may be considered under Section 2255 because the Sixth Amendment right to counsel "is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 104 S.Ct. 2052, 2065 (1984). In order to prevail on a claim of ineffective assistance of counsel, Trousant must prove (1) that his counsel's actions were deficient, i.e., fell below an objective standard of reasonableness; and (2) that his counsel's deficient performance prejudiced the defense, i.e., his attorney's "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Howard bears the burden of proving both prongs of the Strickland test. See U.S. v. Franks, 230 F.3d 811, 813 (5th Cir. 2000). "Failure to establish deficient performance or prejudice defeats an ineffective assistance claim." Id. Courts need not analyze the Strickland prongs in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 172, n. 6 (5th Cir. 1998).

Under the first prong of the Strickland test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Under the second prong, the defendant must show "that there is reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). In other words, "to establish prejudice . . ., a defendant must show that his attorney's errors were so serious as to render the proceedings unreliable and fundamentally unfair." U.S. v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994).

## CONCLUSION

Based on the foregoing, the Court finds that Trousant's ineffective assistance of counsel claims fail. Accordingly, Trousant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 183) be and is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE